BLAKE JACKSON, plaintiff in error, *vs.* F. T. GAYDEN, defendant in error.

1. In suit on a bond executed before June, 1865, and for the payment of money, upon the happening of a certain contingency, which does not happen until after that date, no affidavit of the payment of taxes need be filed.

2. The judgment of the Court below dismissing a suit upon an erroneous ground will not be sustained, because there is a defect in the declaration upon which the suit might have been dismissed, but which could be cured by amendment.

Relief law of 1870. Tax affidavit. Practice. Before Judge HOPKINS. Clayton Superior Court. September Term, 1871.

Blake Jackson, as transferree, sued out an attachment against F. T. Gayden, and filed his declaration, upon the following bond :

"GEORGIA—CLAYTON COUNTY :

"Know all men by these presents, that I, F. T. Gayden, of the county of Clayton, am held and firmly bound unto L. B. Jackson in the sum of $400, for the true payment of which unto the said L. B. Jackson and his heirs, I bind myself, my heirs, executors and administrators firmly by these presents. Signed, sealed and dated this 18th day of January, 1860.

"The condition of the above bond is such that, whereas there is now pending in the Superior Court of the county of Fayette, State aforesaid, a certain action of ejectment in favor of John Trushlet against John S. Jackson for the recovery of a certain lot of land in the thirteenth district of Fayette county, known as lot number two hundred and twenty-five. Now, if the said John Trushlet shall fail to recover the said lot of land, or its equivalent in money, from the said John S. Jackson, then this bond to be null and void, and in the event the said John Trushlet recovers said lot, or its equiva-

lent in money, from the said John S. Jackson, then this bond to remain of full force and effect.

" Signed, sealed and dated the day and year above written.

(Signed)                                    F. T. GAYDEN."

When said cause was called for trial defendant moved to dismiss the same because the plaintiff had failed to file his affidavit that all legal taxes had been paid in terms of the Act of October 13th, 1870.   Plaintiff proposed to show that said cause did not fall within the aforesaid Act, in this, that said bond was given to indemnify one L. B. Jackson against the loss of a certain lot of land, which lot was involved in litigation in Fayette Superior Court, in favor of John Trushlet against John S. Jackson ; that said land was recovered by said Trushlet at the October Term, 1870, of Fayette Superior Court, and that no right of action had accrued to the transferree of said bond until the termination of said suit ; that no taxes were due upon said obligation until after the eviction, and that said eviction was not had until after said October Term, 1870, and, therefore, no affidavit was required.

The motion was sustained and the case dismissed.   Whereupon plaintiff excepted, and now assigns said ruling as error.

To the bill of exceptions the Judge attached the following note :

" There was no affidavit in reference to the payment of taxes filed in this case.   I stated at the time the order of dismissal was made that there were other grounds on which the dismissal might be placed.   I did not so announce, but I was of the opinion that no sufficient cause of action was set forth in the declaration."

J. L. BLALOCK; B. F. ABBOT; R. S. DORSEY, for plain-tiff in error.

JOHN L. DOYAL; S. S. FEARS, for defendant.

Williams *vs.* The State of Georgia.

MONTGOMERY, Judge.

1. The cases of *Sirrine, administrator, vs. The Southwestern Railroad Company,* 43 *Georgia,* 280, and of *Pace vs. Williams,* 44 *Georgia,* must control the present case upon the question of the tax affidavit required by the Act of 1870. Under those decisions no affidavit is necessary.

2. The fact that there is an amendable defect in the declaration, which, if not amended, would have authorized a dismissal of the case, will not justify this Court in sustaining the Court below in dismissing the case for want of the tax affidavit. Had a motion been made to dismiss the case on account of the defect, the declaration could, and probably would, have been amended to meet the objection.

Judgment reversed.